# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| MAURICE CHAPMAN, SR., <br>     Plaintiff, | Case No. 1:13-cv-331 |
| vs | Dlott, J. <br> Bowman, M.J. |
| GARY MOHR, et al., <br>     Defendants. | **REPORT AND RECOMMENDATION** |

Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI) in Lebanon, Ohio, has filed this lawsuit against defendants Gary Mohr, Ernie Moore, Billy D. Bailey, Ron Watts, Officer Kearney, Ms. Williams, Ms. Kelly, Officer Kernor and Lieutenant Buckhalter. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490

U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii), 1915A(b)(1). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. He first alleges that he has been denied access to the courts. (Doc. 1, Complaint p. 5). According to plaintiff, the LeCI law library is insufficient. He claims there are only five working computers in

the facility and only one librarian, defendant Billy D. Baily. Plaintiff claims that there is an empty classroom with computers that could be transformed into a law library, but that defendant Warden Moore declined his suggestion to do so. *Id.* Plaintiff further alleges that "the Warden (Moore), Principal (Ms. Williams) and Assistant Principal (Ms. Kelly) seems not to care if any of us get in the law library." *Id.* at 6. Plaintiff indicates that other inmates have had to request extensions of time from courts due to the delays caused by the limited access to the law library. *Id.* at 5. On this basis, plaintiff claims that he has been denied access to the courts.

Plaintiff also alleges that the prison cashier's office caused his court filings to be untimely. *Id.* He claims that the prison cashier's office "caused my notice of appeal (when they finally sent it out) to be 'untimely' according to the District Court in Dayton, Ohio." *Id.* at 6. Plaintiff alleges that he mailed his notice of appeal on October 25, 2012. According to plaintiff, the mail was returned to him with "insufficient funds" stamped on it, despite the fact that plaintiff states that he has been indigent since September 18, 2012. *Id.* Plaintiff claims that his notice of appeal was ultimately filed on November 19, 2012 and further alleges that defendant Ron Watts falsified the postage date on his legal mail. *Id.*

Plaintiff next alleges that on Friday, December 7, 2012, Defendant Officer Kearney "threw my bibles; other religious items; family photos; cards and legal work on floor" during a shake-down of his cell. *Id.* He claims that he had all of the items neatly arranged in a see-through garbage bag. *Id.*

Finally, plaintiff alleges that he has made the prison staff at LeCI aware of "threats made against him and how certain officers w[ere] plotting to have other prison[er]s attack him." *Id.* at 8. Plaintiff further alleges that in December of 2011, he was sucker-punched by an ex-cellmate.

3

According to plaintiff, his being punched "was a 'hit.'" *Id.*

Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. First, plaintiff's complaint fails to state a claim for relief for a denial of access to the courts under the First Amendment. An inmate must plead and demonstrate that the lack of legal materials or the shortcomings in the prison legal assistance program have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

In addition, when bringing a denial of access to the courts claim, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he predicate claim (must) be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* In other words, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400, 405-406 (6th Cir. 1999) (citing *Lewis*, 518 U.S. at 353 & n. 3).

Plaintiff fails to allege any facts showing that he suffered an actual injury in any nonfrivolous legal proceeding as a result of the alleged inadequacies of the law library facilities at LeCI. Plaintiff's allegation that other inmates have had to file motions for extensions of time is not sufficient to state a claim. Furthermore, to the extent that plaintiff alleges delay in the mailing

4

his notice of appeal, plaintiff has also failed to state a claim for denial of access to the courts. *See Gibson v. Rose*, No. 1:12-cv-1509, 2012 WL 2995484, at *6 (July 23, 2012 N.D. Ohio) (finding that "[t]he Sixth Circuit has repeatedly found . . . that inmates have failed to state a claim for denial of access to courts based on prison officials' alleged delay in processing outgoing legal mail.") (collecting cases). Plaintiff has not alleged that he was in fact prevented from filing his notice of appeal nor has he alleged any facts to suggest that his appeal was nonfrivolous.[1] Without such allegations, plaintiff's complaint fails to state a claim for relief for a denial of access to the courts under the First Amendment.

Plaintiff has also failed to state a claim under the Fourth Amendment for the search of his prison cell. Because petitioner does not have a reasonable expectation of privacy in the circumstances alleged he has failed to state a Fourth Amendment claim. *See Hudson v. Palmer*, 468 U.S. 517, 527 (1984).

Finally, plaintiff has failed to state a failure to protect claim under the Eighth Amendment. To state an Eighth Amendment claim against prison officials based on their failure to protect him from an attack by another inmate, plaintiff must allege facts showing that defendants' conduct amounted to "deliberate indifference" to a known risk of harm to plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). *See also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997);

---

[1] It appears that plaintiff's notice of appeal concerned the denial of his petition for a writ of habeas corpus filed in *Chapman v. Warden*, Case No. 1:11-cv-560 (Bertelsman, J.; Merz, M.J.). On September 17, 2012, plaintiff's habeas petition was dismissed with prejudice. *Chapman v. Warden*, Case No. 1:11-cv-560 (Bertelsman, J.; Merz, M.J.) (Doc. 24). Plaintiff had thirty days to file a notice of appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure. Because plaintiff indicates that he initially attempted to file his notice of appeal on October 25, 2012, after the expiration of the filing period under Fed. R. App. 4(a), plaintiff cannot demonstrate that he was prejudiced by any delay caused by the LeCI prison staff. Furthermore, in dismissing the petition, the Court denied a certificate of appealability on the ground that any appeal would be "objectively frivolous." (*See id.*, Docs. 16, 20, 24). Accordingly, even if plaintiff's complaint sufficiently described the claims included in his notice of appeal, it appears he would not be able to demonstrate that he was actually prejudiced by defendants or that his underlying legal claims were not frivolous.

*Gibson v. Foltz,* 963 F.2d 851, 853 (6th Cir. 1992); *Marsh v. Arn,* 937 F.2d 1056, 1060-61 (6th Cir. 1991); *Walker v. Norris*, 917 F.2d 1449, 1453-54 (6th Cir. 1990). A prison official may be held liable for his failure to protect inmates from attacks by other inmates only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

In this case, plaintiff simply has not alleged sufficient facts to enable the Court to make a reasonable inference that defendants were deliberately indifferent to a substantial risk of serious harm. Aside from alleging that he informed supervisors from the "warden on down" of alleged threats, plaintiff has not indicated that the non-supervisor defendants were aware of and disregarded any risk of harm to plaintiff. Therefore, plaintiff's claims against defendants librarian Billy D. Bailey, Cashier Ron Watts, Officer Kearney, Principal Ms. Williams and Assistant Principal Ms. Kelly should be dismissed for failure to state a claim.

Furthermore, plaintiff fails to state a claim against defendant Director Gary Mohr because liability under § 1983 cannot be premised on the doctrine of *respondeat superior. Monell v. Department of Social Services,* 436 U.S. 658 (1978). A supervisor cannot be held liable unless there is evidence he directly participated in or encouraged the specific incident of misconduct. *Searcy v. City of Dayton,* 38 F.3d 282, 287 (6th Cir. 1994); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff's complaint includes no facts even remotely suggesting that defendant Mohr directly participated in or "implicitly authorized, approved or knowingly acquiesced" in the deliberate indifference to plaintiff's safety. His complaint therefore does not state a claim for relief under the Eighth Amendment against defendant Mohr.

Finally, the complaint does not include sufficient factual allegations to state a claim against

defendants Warden Moore and Lieutenant Buckhalter.   Plaintiff has not specified the substance of the threats made against him or in what manner defendants were informed of any risk to plaintiff's safety.   Furthermore, aside from his bare assertion that his being "sucker punched" by his ex-cellmate was "a hit," plaintiff has not alleged any facts suggesting the incident was in any way related to prior threats or was the result of guards plotting to have other inmates attack him.   In sum, plaintiff has not alleged sufficient facts to show that he was "incarcerated under conditions posing a substantial risk of serious harm" or that defendants were deliberately indifferent to his safety.   Accordingly, his Eighth Amendment claim should be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, in sum, the undersigned finds that plaintiff's complaint fails to state a claim upon which relief may be granted.   Therefore, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice on the ground that plaintiff fails to state a claim upon which relief may be granted.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal in forma pauperis. Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals. See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MAURICE CHAPMAN, SR.,  Case No. 1:13-cv-331
    Plaintiff,

                                        Dlott, J.
vs                                     Bowman, M.J.

GARY MOHR, et al.,
    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).